IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YOMARA FLORES

    Plaintiff,

    v.

UNITED STATES OF AMERICA et al

    Defendant

**CIVIL NO. 07-1152 (SEC)**

**OPINION AND ORDER**

On August 15, 2008, the United States of America filed a motion to dismiss ("Defendant"). Docket # 35. Plaintiff Yomara Flores ("Plaintiff") opposed (Docket # 37) and Defendant replied (Docket # 39). After reviewing the filings and the applicable law, Defendant's motion to dismiss is **GRANTED**.

**Factual Background**

Plaintiff filed suit against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*., the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e (k), Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141 & 5142 (2007), the Commonwealth's Constitution and several state laws,[1] arguing that she suffered discrimination due to her pregnancy. Plaintiff seeks indemnization for Defendant's alleged discriminatory actions, including actual and liquidated damages, back and front pay, personal pain and suffering, costs, and attorney's fees.

According to the complaint, Plaintiff was a Food Inspector for the United States Department of Agriculture from July 11, 2004 to July 30, 2005. On September 2004, she became aware that she was pregnant, and notified her employer about her condition. Plaintiff

---

[1] Plaintiff filed a complaint on February 23, 2007. Docket # 1. An Amended Complaint was filed on March 22, 2007 (Docket #4), and a second amended complaint was filed on June 2, 2007 (Docket # 6).

claims that, thereafter, she was subjected to discrimination and harassment because of her pregnancy until her constructive discharge on July 31, 2005. Specifically, Plaintiff alleges that Defendant would make fun of her, calling her "*la preñaita*", that they would complain about her performance, stating that Plaintiff was tired all the time and telling her that she wasn't better than anyone else because of her pregnancy, that she was forced to abstain from going to the bathroom, that she was forced to be on her feet or sitting down for long periods of time, that she was exposed to dangerous substances, that she was forced to work overtime and on Sundays, and that she was not granted reasonable accommodation pursuant to her doctor's orders. As to the latter, Plaintiff avers that on March 3, 2005, "her supervisors informed her she could not keep her job with the restrictions imposed by the doctor and asked plaintiff to have the doctor issue another medical certificate lifting the restrictions." Docket # 4 at 5. Pursuant to the aforementioned events, on March 18, 2005, Plaintiff contacted the U.S. Department of Agriculture's ("USDA") Civil Rights Division and reported the alleged discrimination. Thereafter, Plaintiff left for maternity leave. She alleges that upon returning from maternity leave, the discriminatory actions continued, she was criticized for her work performance, and she was retaliated against because of filing a pre-complaint process at the agency's Civil Rights Division.  Due to her work situation, Plaintiff resigned on July 31, 2005.

On August 15, 2008, Defendant filed the instant motion, arguing that Plaintiff failed to exhaust administrative remedies, specifically, that she did not consult an Equal Employment Opportunity Counselor ("EEO Counselor") within the statutory 45 days following the alleged discriminatory action. Based on the foregoing, Defendant requests the dismissal of the case for lack of subject-matter jurisdiction.   In opposition, Plaintiff contends that the alleged discriminatory action occurred on March 5, 2005, and the counseling process with the EEO Counselor began on March 29, 2005, therefore, she did comply with the 45 day period.

### Standard of Review

*Fed. R. Civ. P. 12(b)(1)*

Rule 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). Under this rule, a wide variety of challenges to the Court's subject matter jurisdiction may be asserted, among them those based on sovereign immunity, ripeness, mootness, and the existence of a federal question. Id. (citations omitted); see also Hernández-Santiago v. Ecolab, Inc., 397 F.3d 30, 33 (1st Cir. 2005) (discussing application of Rule 12(b)(1) challenge in cases where the court allegedly has diversity jurisdiction). A Rule 12(b)(1) motion may also be based on the plaintiff's failure to exhaust administrative remedies that are a prerequisite to the suit. United States v. Lahey Clinic Hosp., Inc., 399 F.3d 1, 8 fn.6 (1st Cir. 2005). Justiciability is a component of a court's subject matter jurisdiction, and, as such, must be reviewed following Rule 12(b)(1)'s standards. Sumitomo v. Quantum, 434 F. Supp. 2d 93 (D.P.R. 2006). A court faced with a Rule 12(b)(1) motion should give it preference. Dynamic Image Technologies, Inc. v. U.S., 221 F. 3d 34, 37 (1st Cir. 2000).

A plaintiff faced with a motion to dismiss for lack of subject matter jurisdiction has the burden to demonstrate that such jurisdiction exists. See Lord v. Casco Bay Weekly, Inc., 789 F. Supp. 32, 33 (D. Me. 1992); see also SURCCO V. PRASA, 157 F. Supp. 2d 160, 163 (D. P.R. 2001). In this context, a court is empowered to resolve factual disputes by making reference to evidence in the record, beyond the plaintiff's allegations, without having to convert the motion to dismiss into one for summary judgment. Id. Moreover, "[w]here a party challenges the accuracy of the pleaded jurisdictional facts, the court may conduct a broad inquiry, taking evidence and making findings of fact." Hernández-Santiago v. Ecolab, Inc., 397 F. 3d 30 (1st Cir. 2005). Therefore, the court may consider extrinsic materials, "and, to the

extent it engages in jurisdictional fact-finding, is free to test the truthfulness of the plaintiff's allegations." Dynamic, 221 F. 3d at 38. That is, the principle of conversion of a motion to dismiss into a motion for summary judgment when extrinsic materials are reviewed, does not apply in regards to a motion to dismiss for lack of subject matter jurisdiction. Id.

### Applicable Law and Analysis

Title VII provides a "vehicle through which an individual may seek recovery for employment discrimination on the grounds of race, color, religion, gender, or national origin." Franceschi v. United States VA, 514 F.3d 81, 85 (1st Cir. 2008). Specifically, Title VII prohibits an employer from discharging an individual, or otherwise discriminating against an individual, because of such individual's sex. 42 U.S.C. § 2000e-2(a). The term "because of sex" is defined as including "because of pregnancy." Gorski v. N.H. Dept. of Corrections, 290 F.3d 466, 471 (1st Cir. 2002).

Nevertheless, "[j]udicial recourse under Title VII . . . is not a remedy of first resort." Franceschi, 514 F.3d at 85 (citing Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005)). Before an employee may sue in federal court under Title VII, she must first exhaust administrative remedies. Id.; see also Rios v. Rumsfeld, 323 F. Supp. 2d 267, 272 (D.P.R.2004); Morales-Vallellanes v. Potter, 339 F.3d 9, 18 (1st Cir. 2003); Love v. Pullman Co., 404 U.S. 522, 523 (1972). The exhaustion requirement provides "the employer with prompt notice of the claim," and "create(s) an opportunity for early conciliation." Rios v. Rumsfeld, 323 F. Supp. 2d 267, 272 (D.P.R. 2004) (citing Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996). Thereafter, the civil complaint's scope must be limited by the charge filed with the EEOC (or appropriate administrative agency), and the investigation which can reasonably be expected to result from that filing. Powers v. Grinnell Corp., 915 F.2d 34, 38 (1st Cir. 1990).

Pursuant to 42 U.S.C.A. § 2000e-5(e)(1), a Title VII plaintiff must exhaust the administrative remedies available to him within the 180 days following the conduct complained of, or within 300 days, if the person aggrieved initially started proceedings with a local agency with authority to grant or seek relief from such practice. 42 U.S.C. § 2000e-5(e); see also Rivera-Huertas v. Puerto Rico, 212 Fed. Appx. 1, 3 (1st Cir. 2006); Chico-Vélez v. Roche Products, Inc., 139 F.3d 56, 58 (1st Cir. 1998); Bonilla v. Muebles J.J. Alvarez, 194 F. 3d 275, 278 (1st Cir. 1999). Since Puerto Rico is a so-called "deferral" jurisdiction, for employees in Puerto Rico, all administrative remedies must be exhausted within 300 days of the alleged unlawful employment practice. Frederique-Alexandre v. Dep't of Natural & Envtl. Res., 478 F.3d 433, 437 (1st Cir. 2007).

Title VII' Section 2000e-16 governs the remedies available to federal employees who allege discrimination. Subsection (a) provides that "all personnel actions affecting employees or applicants for [federal] employment … shall be made free from any discrimination based on race, color, religion, sex, or national origin." Id. Subsection (b) grants the EEOC the authority to enforce Subsection (a), and provides the commission with the authority to issue rules, regulations and orders to carry out its responsibilities. Id. Therefore, the EEOC "was assigned the responsibility of establishing the mechanisms and deadlines for federal employees and applicants to employment to initiate the administrative process for claims based on discrimination under Title VII." See 42 U.S.C. § 2000e-16(b); Quinones-Rodriguez v. Thompson, No. 02-2552, 2005 U.S. Dist. LEXIS 33002 at *10.

EEOC regulations require a federal employee to first initiate a pre-complaint process with an EEO counselor, and then file an administrative complaint with the agency, prior to filing suit in federal court. Therefore, the first step is the agency's pre-complaint procedure, which requires "that aggrieved employees who believe they have been discriminated against on

the basis of race, color, religion, sex, national origin, age or handicap [sic] consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a)(1).  The employee must consult the "EEO Counselor 'within 45 days of the date of the matter alleged to be discriminatory, or in the case of personnel action, within 45 days of the effective date of the action.'" Quinones-Rodriguez, No. 02-2552, 2005 U.S. Dist. LEXIS 33002 at *10; Rojas v. Principi, 326 F. Supp. 2d 267, 273 (D.P.R. 2004); 29 C.F.R. 1614.105(a)(1). The regulations further provide that the 45-day term may be extended by the agency, or the EEOC, under specific equitable circumstances to be proven by the employee. 29 C.F.R. § 1614.105(a)(2).

When advised that a complaint has been filed by the aggrieved employee, the EEO Counselor must submit a written report within 15 days to the agency office designated to accept complaints, discussing the issues set forth by the employee, and the actions taken during counseling. 29 C.F.R. § 1614.105 (c). Unless the aggrieved employee agrees otherwise, or chooses an alternative dispute resolution procedure, the EEO Counselor shall conduct the final interview within 30 days of the date the aggrieved employee contacted the agency's EEO Counselor for counseling. 29 C.F.R. § 1614.105 (d).  If the issues before the EEO Counselor are not resolved, the counselor shall inform the aggrieved employee in writing, no later than the thirtieth day after contacting said counselor, of the employee's right to file a discrimination complaint. Id. Prior to the end of the 30-day period, the employee may agree in writing to postpone the final interview and to extend the counseling period for an additional period not to exceed 60 days, after which, if matters are not resolved, the EEO Counselor shall inform the employee in writing about the right to file a discrimination complaint. 29 C.F.R. § 1614.105 (e).

After the pre-complaint procedure is finalized, the employee can proceed to the second step, that is, the filing of a complaint within 15 days of the receipt of the EEO Counselor's

notice under 29 C.F.R. § 1614.106. The agency must conduct an impartial and appropriate investigation of the complaint within 180 days of its filing, unless the parties agree otherwise. Id. However, prior to a request for a hearing, the agency may dismiss an entire complaint under 29 C.F.R. § 1614.107.[2] In that case, the agency shall notify the complainant of its determination, the reasons for its decision, and inform her that the claims will not be investigated. Id. at (b). If dissatisfied with the agency's final determination, the employee must file a judicial complaint within 90 days of the agency's final action. 42 U.S.C. § 2000e-16 (c). Therefore, an employee may sue his employer in federal court "only if, the EEOC (or the appropriate administrative agency) has dismissed the administrative complaint..." Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005); Franceschi, 514 F.3d at 85.  Notwithstanding the above, if the EEOC or appropriate agency fails render a final action after 180 of the filing of the initial complaint, the employee may file suit in federal court. See 42 U.S.C. § 2000e-5(f)(1); 42 USCS § 2000e-16 (c). With limited exceptions, the failure to exhaust this administrative process "bars the courthouse door." Id. (citing Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999); see also Jorge, 404 F.3d at 564.

The gist of Defendant's motion to dismiss is that Plaintiff failed to exhaust administrative remedies, insofar as she did not request counseling within the 45 day period allotted by 29 C.F.R.1614.105(1). Defendant alleges that from March 18, 2005 to March 29, 2005, the EEO Counselor attempted to contact Plaintiff every day in order to conduct the initial

---

[2]  An agency may dismiss an entire complaint for several reasons, such as the employees' failure to comply with the applicable time limits provided by 29 C.F.R. § 1614.105, when the complainant cannot be located despite reasonable efforts and the complainant has not responded within 15 days to a notice of proposed dismissal sent to her last known address, when the agency has provided complainant with a written request to provide relevant information or otherwise proceed with the complaint, and when the complainant has failed to respond to the request within 15 days, provided that the request included a notice of the proposed dismissal, among other reasons. See 29 C.F.R. § 1614.107(a).

interview, but she did not respond to his requests. Finally, on March 29, 2005, the EEO Counselor was able to contact Plaintiff. On said date, Plaintiff explained to the counselor that she had been discriminated against because of her pregnancy, and that Defendant had told her that if she couldn't work the entire shift, she could not work at all. The EEO Counselor advised Plaintiff of her rights and responsibilities, and informed her of the right to engage in a mediation process as an alternative to counseling. Defendant alleges that Plaintiff informed the EEO Counselor that she wanted to "drop it" (the complaint), despite the counselor's warning that, if she withdrew her complaint, she would not be able to pursue the same allegations at a later date. According to the EEO Counselor, Plaintiff acknowledged that her complaint would be closed, and agreed to receive, and return completed, a "Notice of EEO Pre-Complaint Closure/Voluntary Dismissal," ("Notice of Voluntary Dismissal"), which was sent to Plaintiff the next day *via* USPS Certified Mail. Defendant avers that although Plaintiff admits she received said notice on April 7, 2005, she did not complete and return it as instructed. Moreover, Defendant avers that, on April 12, 15, 19, and 21, 2005, the EEO Counselor attempted to follow up on the status of the Notice of Voluntary Dismissal, however, Plaintiff did not respond to his inquiries. As a result, Plaintiff's informal complaint was dismissed, and her case was closed. Plaintiff returned to work on May 2005, and on July 30, 2005, she resigned.

On November 1, 2005, Plaintiff's attorney, Ms. Angelique Doble-Bravo ("Doble-Bravo"), contacted the EEO Office, and informed the EEO Counselor that Plaintiff wanted to resume EEO counseling pursuant to the case initiated on March 18, 2005. At that date, the agency informed Doble-Bravo that counseling under said complaint could not be resumed since the time limits for EEO Counseling had expired, and the case had been closed. However, on November 16, 2005, upon Plaintiff's insistence, a new case was opened and, on December 19,

2005, Plaintiff was once again referred for counseling on the same issues of alleged discrimination. After several unsuccessful attempts to resolve the matters presented by Plaintiff, on February 1, 2006, the EEO Counselor issued a "Notice of Final Interview (NOF) Notice of Right to File (NRF) a Discrimination Complaint under 29 C.F.R. Part 1614 FSIS-2006-00258" ("NRF"). Docket # 35-2. On February 24, 2006, Plaintiff filed a formal complaint at the USDA's Office of Civil Rights.

Upon reviewing the record, this Court notes that Defendant does not dispute the fact that Plaintiff contacted the EEO Counselor on March 18, 2005, that is, within the 45 day period provided by 29 C.F.R. 1614.105(a)(1). Instead, they argue that the pre-complaint process started on said date was voluntarily dismissed by Plaintiff on March 29, 2005. In support of the latter, Defendant provides the EEO Counselor's Notice of Voluntary Dismissal, sent to Plaintiff on March 30, 2005, and which reads as follows:

> [o]n Friday, March 18, 2005 you contacted the FSIS Civil Rights division and initiated an informal EEO Complaint alleging employment discrimination. You participated in your initial interview on March 29, 2005. In the interview you stated that you did not want to pursue your case.
> You were informed that you would be served with the appropriate documents via USPS Certified Mail to formally close your case. To finalize your election to voluntarily withdraw your claims, please sign, date, and return the Agency Copy of this document to me in the enclosed envelope.
> ...
> By my signature below, I understand I am waiving all right to a hearing or appeals related to the claims raised in this informal complaint, and that the Agency will close my complaint. I have not been intimidated or coerced to withdraw my complaint by any person(s) or through any conditions placed on me.

Docket # 35-3.

Based on the foregoing, Defendant argues that Plaintiff voluntarily dismissed her case, and had waived any right to reassert her claims. They contend that, despite granting Plaintiff the opportunity to request EEO Counseling once again on December 2005, the EEO Counselor continuously advised her that her new claim might be held untimely by the USDA's Civil

Rights Office due to her prior voluntary dismissal of her prior informal complaint. See Docket # 35-2. As such, Defendant argues that the counseling process initiated in December 19, 2005, that is, 244 days after the date of the alleged discriminatory actions, was untimely, since the alleged discriminatory actions took place in March, 2005.

There is no controversy as to the fact that Plaintiff received the EEO Counselor's Notice of Voluntary Dismissal, however, she did not complete and return it. Plaintiff argues that said form does not warn the employee that failure to submit the document could entail the dismissal of the case. On the contrary, she contends that the notice states that the employee must complete and sign it in order to formally close the case. Since she did not send the completed form, she assumed that her case had not been closed.  Notwithstanding, Plaintiff contends that she called the EEO Counselor on May 4, 2005 to "follow up on her case" and he told her it had been dismissed on March 29, 2005. Docket # 37.  Therefore, as of May 2005, she was aware that her case at the USDA's Office of Civil Rights had been closed.  Nevertheless, she did not take further action until November 1, 2005, when her attorney, Doble-Bravo, contacted the EEO Counselor.  On even date, Doble-Bravo informed the EEO Counselor that Plaintiff had not signed the Notice of Voluntary Dismissal because she wanted to continue with the case. Moreover, she requested information about the status of the case, and the steps required to proceed with Plaintiff's claim.

On November 16, 2005, the EEO Counselor sent an email to Doble-Bravo which reads, in pertinent part, as follows:

> [o]n March 18, 2005 Ms. Yomara Flores contacted the FSIS Civil Rights Division and requested counseling. She was assigned to me for counseling [sic]. Attempts to initiate counseling with Ms. Flores ensued for a period of 11 days unsuccessfully. Ms. Flores participated in her initial interview on Tuesday March 29, 2005. In her interview, Ms. Flores alleged that the FSIS had discriminated against her because of her sex.

In addition to providing a verbal overview of her rights and responsibilities, I also advised Ms. Flores of her right to request participation in Alternative Dispute Resolution (ADR). Ms. Flores was advised that she would be served with a Notification of Written Rights and Responsibilities and that she would have to elect between Traditional EEO counseling and ADR in order that the EEO resolution (EEO Counseling) process continue. Ms. Flores advised that she did not want to pursue her complaint stating "I just want to drop it." Ms. Flores was further advised that if she voluntarily withdrew her complaint, the complaint would be closed according to her wishes. Ms. Flores acknowledged that her decision not to pursue her complaint was solely her personal choice and was not coerced or influenced in her decision not to pursue her claim. In keeping with Ms. Flores request her case was officially closed on March 30, 2005 and she received the package on April 07, 2005. However, she failed to return the completed forms.

Ms Flores never informed the office that she was not going to withdraw her case or that she wanted to pursue her claim. There are also no provisions in the EEOC Regulation at 29 C.F.R. 1614 or EEOC Management Directive 110 for reinstating a claim other than in a case where a complaint was closed resolved through a Settlement Agreement and that Settlement Agreement is found to be out of compliance through no fault of the formerly aggrieved party.

If Ms. Flores wishes to raise a claim of employment discrimination she must do so by contacting our Civil Rights Division...and requesting EEO Counseling. She will be provided the opportunity to participate in EEO Counseling according to the provisions in 29 C.F.R. 1614 and MO 110.

Docket # 35-3.

Subsequently, Doble-Bravo asked the EEO Counselor whether Plaintiff would be allowed to raise the same claim of employment discrimination as she did on March 18, 2005. Docket # 35-2 at 13. The EEO Counselor informed Doble-Bravo that Plaintiff would be allowed to pursue EEO Counseling. However, he also noted that:

(...)
Ms. Flores was made fully aware of the consequences of her voluntary withdrawal of her complaint and she alone requested that her case be closed.

In terms of whether or not Ms. Flores would be successful in prevailing in her claim, given the history of her previous participation, I cannot and would not attempt to identify what decision(s) the agency or an Administrative Hearing Judge might make if Ms. Flores elects to re-enter the process with the same claim after voluntarily withdrawing her initial claim.

> Yes, Ms. Flores will be accepted into the EEO Counseling process as any other aggrieved employee or applicant for employment pursuant to Title 29 C.F.R 1614. Once counseling is again completed and if/or where there is no resolution, Ms. Flores will have the right to pursue a formal complaint. It will then be Ms. Flores' burden to explain why she voluntarily withdrew from the process in her initial complaint. She will also have the burden of meeting the "timeliness" requirements for seeking counseling [45 calendar days from the alleged discriminatory action]; and the fact that she failed to actively participate and cooperate in the process that resulted in delays and disruptions of the process.

On December 19, 2005, Plaintiff requested EEO Counseling. After several attempts to contact Plaintiff, the EEO Counselor managed to conduct the first interview, during which Plaintiff reasserted all of her prior allegations of discrimination. The final interview was held on February 1, 2006, and the informal counseling process was closed on said date *via* the issuance of the NRF letter, which provides the following:

> [o]n Monday, December 19, 2005 you contacted the Civil Rights Division requesting to file a formal complaint of sex discrimination for claims that had previously been counseled in case number FSIS-2005-00210. In our initial interview on January 5, 2006 you raised the same claim of a "denied accommodation" in pregnancy that was raised when you sought counseling on March 18, 2005 and subsequently withdrew voluntarily on March 29, 2005.

> In your December 19, 2005 request for counseling you were advised that you had been counseled on the matter and that the case had been officially closed upon your request to voluntarily withdraw on March 30, 2005. You agreed that you had voluntarily withdrawn the complaint and that were in no way intimidated or coerced into making your decision to withdraw the case. You acknowledged receiving your Withdrawal Notice from your EEO counselor [sic]. However, you maintain that you did not sign and return the Withdrawal Notice and as such you believe that your case was not officially closed. Upon your insistence that you be provided counseling and in keeping with the FSIS' policy of fair and equitable treatment of all employees and applicants, your request for counseling was accepted. You were advised of the absence of regulatory provisions for reopening of previously counseled and closed cases, and the untimely (re)stating of your alleged discriminatory action.

> This memorandum is to inform you that the Informal Counseling phase of the matter you presented to me on Thursday, January 5, 2006 has expired. Your dispute has not been resolved, and because of the circumstances described above, your entitlement to file a formal employment discrimination complaint will be decided by the USDA Office of Civil Rights. If you wish to pursue this matter, you are required to file a formal complaint of discrimination. Your complaint

**CIVIL NO. 07-1152 (SEC)**                                                      **Page 13**

---

> must be in writing, signed, and filed, by mail within FIFTEEN (15) CALENDAR
> DAYS OF RECEIVING THIS NOTICE.

Docket #35-2 at 16.

On February 24, 2006, Plaintiff filed a formal complaint at the USDA's Office of Civil Rights. As of the date of the filing of the instant suit, the agency had not issued a final determination on Plaintiff's case. However, according to Plaintiff's second amended complaint, on March 28, 2007, the agency rendered a final decision dismissing her complaint.[3] Docket # 4.

Although Plaintiff argues that the EEO Counselor failed to inform her about her rights and responsibilities, the record shows otherwise. See Docket # 35-2. The specificity of the EEO Counselor's records and statements show that Plaintiff was granted an opportunity to obtain counseling and that she was adequately informed about her rights, responsibilities, as well as about the possibility of engaging in alternate dispute resolution. In his affidavit, the EEO Counselor provides that he advised Plaintiff that she would also have to complete and return a Notification of Written Rights and Responsibilities, and the counseling election forms that would be mailed to her. Furthermore, the counselor informed her of the need to provide sufficient information to initiate and investigate her claim, such as the names of her supervisors and the dates of the alleged acts of discrimination. However, Plaintiff refused to provide said information, and instead informed him that she did not wish to pursue the case. Thereafter, the counselor informed Plaintiff that her decision to voluntarily withdraw her complaint was noted, and that the withdrawal form would be sent by mail.

Upon reviewing the Notice of Voluntary Dismissal, this Court finds that it clearly provides that its completion is a mere "formality." Docket # 35-3. As such, Plaintiff's case was effectively closed on March 30, 2005. Albeit Plaintiff claims that she did not sign the Notice of Voluntary Dismissal because she wanted to continue with her case, she did not take any

---

[3]  Plaintiff failed to provide a document accrediting her complaint's dismissal.

action to inform the EEO Counselor, despite his repeated attempts to contact her. Even after Plaintiff allegedly called the EEO counselor in May 2005, when he informed her that the case had been closed, she did not actively question the dismissal or pursue her claims until November 2005. Furthermore, she never complained about the EEO Counselor's alleged exacting treatment prior to filing the instant suit, nor requested that her case be reassigned to another counselor.  Therefore, Plaintiff was fully informed on how to proceed with her case if she wished to do so, and the initial complaint process was dismissed solely because of her disinterest in pursuing her claim.

Upon reviewing the abovementioned letters and the EEO Counselor's affidavit, this Court finds that the EEO Counselor warned Plaintiff on various occasions about the possible consequences of withdrawing her complaint back in March 29, 2005. See Docket # 35-2. The EEO Counselor also advised both Plaintiff and her counsel, that despite being allowed to initiate counseling for a second time, she would have to explain why she failed to actively participate in the initial complaint process, and voluntarily withdrew her claim. Furthermore, the EEO Counselor noted that Plaintiff would bear the burden of showing her compliance with the timeliness requirement imposed by 29 C.F.R. 1614.105(a)(1).

Moreover, the NRF clearly states that because of the particular circumstances of Plaintiff's case, her "entitlement to file a formal employment discrimination complaint will be decided by the USDA Office of Civil Rights." The EEO Counselor stated, in no uncertain terms, that Plaintiff had untimely restated her discrimination claims. Docket #35-2 at 16. As such, the agency's decision to allow Plaintiff to resume counseling on December 2005, and subsequently file a formal complaint, did not constitute a waiver of their right to dismiss Plaintiff's complaint for failure to comply with the appropriate time-limits. This Circuit has recognized that it is "well-settled rule that agencies do not waive a timeliness defense merely

by accepting and investigating a discrimination complaint." <u>Mercado v. Ritz-Carlton San Juan</u> <u>Hotel, Spa & Casino</u>, 410 F.3d 41, 45 (1st Cir. 2005). More so considering that the EEO Counselor emphasized "the absence of regulatory provisions for reopening of previously counseled and closed cases."

Considering that Rule 12(b)(1) grants courts the discretion to resolve factual disputes by making reference to evidence in the record, and beyond the plaintiff's allegations, this Court concludes that Plaintiff did not appropriately exhaust administrative remedies and, as a result, her claims are time-barred. As such, Plaintiff's Title VII claims are **DISMISSED with prejudice**. Upon this Court's dismissal of Plaintiff's federal claims, all pendent state law claims are **DISMISSED with prejudice**.[4]

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 17th day of March, 2009.

---

[4] Notwithstanding, this Court notes that a federal employee's remedies under Title VII are exclusive. <u>Irwin v. Dept. of Veterans Affairs</u>, 498 U.S. 89, 94 (1990). Therefore, even if Plaintiff's federal claims were not dismissed, her claims under state law fail.